1 | DAVID A. ORTIZ, ATTORNEY # 167587
OFFICE OF THE UNITED STATES TRUSTEE
2 | 402 WEST BROADWAY, SUITE 600
SAN DIEGO, CA 92101
3 | (619) 557-5013

4 | Attorney for
TIFFANY L. CARROLL
5 | ACTING UNITED STATES TRUSTEE

6

7
UNITED STATES BANKRUPTCY COURT
8
SOUTHERN DISTRICT OF CALIFORNIA
9

10
| In re | ) | Case No: 09-19670-PB11 |
11 | | ) | |
| PANOCHE VALLEY, LLC, | ) | UNITED STATES TRUSTEE'S |
12 | | ) | MOTION TO DISMISS OR |
| | ) | CONVERT THE CASE TO ONE UNDER |
13 | | ) | CHAPTER 7 |
| | ) | |
14 | | ) | Date: January 10,2011 |
| | ) | Time: 3:30 p.m. |
15 | | ) | Dept: Four |
| | ) | Room: 328 |
16 | Debtor. | ) | |

17
COMES NOW, the United States Trustee ("UST") and moves this
18
Court to dismiss or convert the above captioned case to one under
19
chapter 7 ("Motion"). In support thereof, the United States Trustee
20
provides as follows:
21
**INTRODUCTION**
22
Cause exists to dismiss or convert the instant case to one
23
under chapter 7. The Debtor has failed to file monthly operating
24
reports since March, 2010, thereby depriving the Court and parties
25
in interest of any financial information related to the case and
26
obligations of the Debtor under a Court order entered on August 4,
27
2010. In addition, the Debtor has failed to file a plan of
28

1 reorganization after more than eleven months under Chapter 11, and
2 has failed to create any record that would lead the Court and
3 parties in interest to conclude that reorganization is even
4 possible.  Lastly, the UST is informed and believes the Debtor no
5 longer has counsel. Consequently, the case should be converted to
6 one under chapter 7.

7                              **FACTUAL BACKGROUND**

8      1.   The Debtor filed a voluntary Chapter 11 petition on
9 December 23, 2009. See Declaration of Lorraine Green in Support of
10 the UST's Motion to Dismiss or Convert Case to Chapter 7 ("Green
11 Dec.")

12     2.   No plan or disclosure statement has been filed after more
13 than eleven months under Chapter 11. Id.  Additionally, the last
14 monthly operating report filed in the case was the March, 2010
15 report. Id.

16     3.   The schedules filed in the case reveal that on the
17 petition date, the Debtor's primary assets consisted of: 1) two
18 parcels of real property located at 2483 and 2487 Kettner Blvd., San
19 Diego, CA (the "Kettner Properties"); 2) unencumbered raw land in
20 Perris, CA and Riverside County, CA; and 3) right to purchase 9000
21 acres in Panoche, CA ("Panoche Property").  Id.

22     4.   On July 20, 2010, an order was entered granting a motion
23 for relief from stay on the Kettner Properties. Id.

24     5.   On August 4, 2010, an order was entered compelling the
25 debtor to assume or reject purchase contracts on the Panoche
26 Property.  In order to exercise the purchase option, the debtor was
27 to pay $50,000 for past due obligations no later than July 30, 2010.

28                                   -2-

1  In addition, the August 4, 2010 order required the debtor to pay
2  $10,000 per month starting August 1, 2010 and on the 1st of each
3  month until escrow closes. Id.

4      6.    The last monthly operating report filed by the debtor for
5  March, 2010 shows that the debtor has no income and total cash of
6  $10,591.    The March 2010 monthly operating report shows that the
7  debtor does not have sufficient income or cash to exercise the
8  purchase option. Id.

9      7.    The case docket shows the Debtor has not sought Court
10 authorization to obtain post-petition funding to finance the
11 obligations due under the August 4, 2010 order. Id.

12     8.    Undersigned counsel is also informed and believes that
13 counsel of record for the Debtor, Thomas Nelson, has resigned from
14 and is no longer admitted to practice before the Federal District
15 Court for the Southern District of California and by extension, this
16 Court.

17                    **MEMORANDUM OF POINTS AND AUTHORITIES**

18     Section 1112(b)(1) provides that a chapter 11 case may be
19 dismissed or converted to chapter 7, whichever is in the best
20 interests of creditors, if the movant establishes "cause."    11
21 U.S.C. § 1112(b)(1). The Bankruptcy Code contains several examples
22 of what constitutes "cause," including: a) failure to satisfy timely
23 any filing or reporting requirement established by the Bankruptcy
24 Code or Rules and b) failure to file a disclosure statement, or to
25 file or confirm a plan within the time frame fixed by the Bankruptcy
26 Code or by court order.

27     The Court may find that "cause" exists to dismiss or convert

28

-3-

1 this case to one under chapter 7, either by finding that one or more
2 of the enumerated factors defined in §1112(b)(4) is or are present.
3 Or, the Court may find that "cause" exists for any reason cognizable
4 to the equitable powers of the Court. In re Hampton Hotel Investors,
5 L.P., 270 B.R. 346, 358 (Bankr. S.D.N.Y. 2001); see also Loop Corp.
6 V. U.S. Trustee, 379 F3d. 511, 515, n2 (8ᵗʰ Cir. 2004)(enumerated
7 list found in §1112(b)(4) is not an exclusive one, and the Court is
8 not limited to those specifically enumerated examples to find that
9 "cause" exists to dismiss or convert a case to chapter 7). "Cause"
10 exists to dismiss or convert the instant case to one under chapter
11 7 as follows:

12          **a.   The Debtor has failed to file all monthly operating**
               **reports required by the Bankruptcy Code and Rules**.
13
14        Section 1112(b)(4)(F) of the Bankruptcy Code provides that a
15 case may be dismissed or converted to one under chapter 7 due to the
16 debtor's "unexcused failure to satisfy any filing or reporting
17 requirement established by [title 11] or by any rule applicable to
18 a case under [chapter 11]."   11 U.S.C. § 1112(b)(4)(F).   Section
19 1106(a) of the Bankruptcy Code and Federal Rule of Bankruptcy
20 Procedure 2015(a)(3) require chapter 11 debtors-in-possession to
21 file with the Court and serve on the United States Trustee, periodic
22 financial reports and summaries of the operation of the debtor's
23 business.  Both § 1106 and Rule 2015(a)(3) impose these duties upon
24 a chapter 11 debtor by incorporating the duties of a trustee found
25 at 11 U.S.C. § 704(a)(8).[1]   Additionally, Local Bankruptcy Rule

26     [1]Section 1106 of the Bankruptcy Code and Federal Rule of
27 Bankruptcy Procedure 2015(a)(3) refer to trustee duties found at

28                                 -4-

1   2015-1 imposes upon the Debtor in this case the obligation to
2   execute any operating reports filed in the case.

3       In the present case, the Debtor has not filed any operating
4   reports since March, 2010. The Debtor's failure to comply with its
5   obligations under the Bankruptcy Code and Rules to file all
6   operating reports when due, constitutes "cause" to convert this case
7   to chapter 7, or dismiss the case.

8       Significantly, the absence of operating reports in this case
9   has deprived the Court, creditors, and parties in interest of the
10  ability to determine what activity has or has not occurred with
11  respect to the obligations of the Debtor under the August 4, 2010
12  order. Specifically, it is unknown whether the Debtor has made the
13  $50,000 initial payment due thereunder, and the additional monthly
14  payments of $10,000. Moreover, and more importantly, is the concern
15  regarding the lack of disclosure of the source of funds to the
16  extent the debtor has indeed made the payments called for under the
17  August 4, 2010 order. The Debtor has not made any request to
18  approve post-petition borrowing and the record before the Court does
19  not include any evidence that the Debtor generates revenue that
20  could have been used to fund payments required under the August 4,
21  2010 order.

22          b.    **The Debtor has failed to confirm a plan of
                  reorganization after more than 11 months under
23                Chapter 11.**

24      Despite the case being open for almost one year, no plan or

25

26  §704(8). However, with the passage of the Bankruptcy Abuse
    Prevention and Consumer Protection Act of 2005, §704(8) was
27  renumbered as §704(a)(8).

28
                                -5-

1 disclosure statement has been filed.   The inability to confirm a
2 plan of reorganization is "cause" to dismiss or convert the case to
3 Chapter 7.   11 U.S.C. § 1112(b)(4)(J).   Two of the Debtor's
4 principal real estate assets, the Kettner Properties, were the
5 subject of an order granting relief from stay to the lender whose
6 claim was secured by those properties.

7      Additionally, as noted above, it is unknown whether the Debtor
8 still possesses any right to purchase the Panoche Property; and, the
9 record in this case is devoid of any evidence that there is any
10 value in that purchase contract that could be used to fund a plan
11 of reorganization. The remaining assets are unencumbered parcels of
12 undeveloped real estate valued at $20,000, that could be liquidated
13 in a chapter 7 case, with the proceeds used to pay a significant
14 portion of unsecured claims in this case- which Schedule F shows
15 total $23,300.  Consequently, conversion of this case to one under
16 chapter 7 is in the best interests of creditors of this estate.

17          **c.     The case should be converted to chapter 7 as the
                     Debtor has no counsel, and as a result is precluded**
18          **from appearing in the case.**

19      Bankruptcy   Local   Rule   1002-1   states,   "Corporations,
20 unincorporated associations and partnerships may not file a petition
21 or otherwise appear except through an attorney in any case or
22 proceeding, except for filing a proof of claim or reaffirmation
23 agreement."   Undersigned counsel is informed and believes that
24 Thomas Nelson (counsel of record in this case) voluntarily resigned
25 from, and is no admitted to practice in, the District Court for the
26 Southern District of California.  By extension, former counsel is
27 therefor no longer admitted to practice before this Court.
28 Consequently, the Debtor (a limited liability corporation) may not

-6-

1  appear in pro per.  Given that fact, and the fact that this Debtor
2  does possess assets that a chapter 7 trustee could administer for
3  the benefit of creditors, and it cannot dispose of those assets
4  itself in this case- the case should be converted to one under
5  chapter 7.

6                              **CONCLUSION**

7       The Debtor has failed to file monthly operating reports since
8  March, 2010, depriving the Court and parties in interest of any
9  financial information regarding the case- including information
10 relating to the August 4, 2010 order and payments regarding the
11 Panoche Property's purchase option. The Debtor also has failed to
12 file a plan of reorganization and disclosure statement after more
13 than eleven months under Chapter 11. Nor, has the Debtor made any
14 record in this case that it has made progress toward realizing value
15 that could be used to fund a plan. Additionally, the Debtor no
16 longer has counsel and cannot appear in this case. Based upon the
17 foregoing, "cause" exists to convert the case to one under chapter
18 7.

19      WHEREFORE, the United States Trustee respectfully requests that
20 this Court convert the instant case to one under chapter 7.

21

22                              Respectfully submitted,

23                              TIFFANY L. CARROLL
                                ACTING UNITED STATE TRUSTEE
24

25 Date: December 9   ,2010  By: /s/ David A. Ortiz
                                David A. Ortiz
26                              Attorney for the
                                United States Trustee
27

28

                                -7-